2019 IL App (2d) 170805-U
No. 2-17-0805
Order filed November 6, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1267 |
| COREY R. SACKETT, | ) ) | Honorable Linda S. Abrahamson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRIDGES delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly denied defendant's motion to suppress, as the court was entitled to credit the officer's testimony that he smelled burnt cannabis in defendant's vehicle, which gave him probable cause to search it.

¶ 2    Defendant, Corey R. Sackett, appeals from the judgment of the circuit court of Kane County denying her motion to suppress evidence found in her vehicle during a traffic stop. Because the trial court properly denied the motion to suppress, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged by complaint with one count of the unlawful possession of less than 15 grams of a controlled substance (heroin) (720 ILCS 570/402(c) (West 2014)).  Defendant filed a motion to suppress the heroin.

¶ 5    The following facts were established at the hearing on the motion to suppress.  On August 13, 2015, at about 10:42 a.m., Sergeant Ron Hain of the Kane County Sheriff's Department was patrolling I-90 as part of a drug-interdiction effort.  He observed a black Chevrolet Impala with Minnesota license plates following another vehicle too closely.  He then stopped the Impala.

¶ 6    Sergeant Hain approached the open front passenger-side window.  As he stood next to the window, he told defendant, the driver and sole occupant, why he had stopped her and asked for her driver's license and proof of insurance.  As he spoke to her, he could smell burnt cannabis inside the vehicle.  Because during his 18-year law-enforcement career he had smelled burnt cannabis over 300 times, he was familiar with its smell.

¶ 7    Sergeant Hain then asked defendant to exit her vehicle and sit in the front seat of his squad car.  A video recording showed that the conversation between Sergeant Hain and defendant was nonconfrontational and relaxed.  At one point, Sergeant Hain asked defendant if she would consent to his search of her car, but she refused.  When he asked her if she would mind waiting for a drug dog to arrive and walk around her car, she said that she would "take a pass."  Although Sergeant Hain asked defendant several questions while she sat in the squad car about her destination and purpose for being in the area, and whether she had any cannabis or other illegal items in the car, he never told her that he had smelled burnt cannabis.  When defendant asked Sergeant Hain why he was calling for a drug dog, he offered several reasons, but did not mention that he had smelled burnt cannabis.

¶ 8    Sergeant Hain admitted that he knew that the smell of burnt cannabis gave him probable cause to search the car. When asked why if he knew that, he asked defendant for consent to search and to wait for the dog, he explained that his practice when he smells cannabis in a vehicle is not to immediately search the vehicle. Instead, he first asks for consent in order to establish another justification for the search.

¶ 9    While defendant sat in the squad, Sergeant Hain asked Deputy Terence Hoffman of the Kane County Sheriff's Department to bring his drug dog to the scene. After arriving, Deputy Hoffman walked his dog around defendant's car several times. Thereafter, Deputy Hoffman opened each door and allowed the dog to enter the front-seat area. According to Deputy Hoffman, when he opened the driver's door, he smelled burnt cannabis. He admitted that he did not include that fact in his written report.

¶ 10    After the dog sniff, Sergeant Hain searched the vehicle, including defendant's purse. He found heroin in the purse. He also found in the glove compartment a glass pipe with burnt cannabis residue. According to Sergeant Hain, the pipe smelled like burnt cannabis. The glove compartment was about two feet from the front passenger window.

¶ 11    According to defendant, she was pulled over as she drove on I-90 toward Elgin. She denied having committed any traffic violations. She agreed that Sergeant Hain walked up to, and spoke to her through, her open front passenger window. He asked her to provide her driver's license and insurance card and to sit in his squad car. He initially gave her a written warning. After doing so, he did not tell her that she was free to go. Instead, he asked her a series of "scary questions," including whether she had any cannabis or other drugs in her car. He also asked her for consent to search her car, which she refused. She also did not agree to wait for a drug dog to arrive or to have one search her car. She denied having smoked cannabis in her car on the day of the stop.

¶ 12    In denying the motion to suppress, the trial court ruled that the dispositive issue was whether Sergeant Hain smelled burnt cannabis when he stood at the passenger window. If he did, then he had probable cause to search defendant's vehicle. If not, then the continued detention of defendant after the issuance of the warning, and thus the search of her car, violated the fourth amendment. In finding Sergeant Hain credible, the court noted that Deputy Hoffman had also smelled burnt cannabis. The court discounted the fact that Deputy Hoffman did not include that in his report, because his primary purpose at the scene was to conduct the dog sniff. The court also noted that Sergeant Hain found a pipe with burnt cannabis residue in the glove compartment. As for defendant's contention that it could be inferred that Sergeant Hain was untruthful, because he never mentioned to her that he smelled burnt cannabis, the court found that such an inference was negated by the fact that Sergeant Hain had asked her if she had any cannabis in her car. The court stated that it could not find that Sergeant Hain did not smell the burnt cannabis.

¶ 13    At the hearing on defendant's motion to reconsider, the trial court explained that it believed that there were legitimate investigative reasons why an officer might not initially tell a suspect that he had smelled cannabis in her car. The court reiterated that it found both officers credible. Accordingly, the court denied the motion to reconsider.

¶ 14    Following a stipulated bench trial, the trial court found defendant guilty and sentenced her to 24 months' probation. Defendant then filed a timely notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant contends that the trial court erred in denying her motion to suppress, because its finding that Sergeant Hain credibly testified about smelling burnt cannabis was against the manifest weight of the evidence.

¶ 17    A reviewing court applies a two-part standard of review to assess a trial court's ruling on a motion to suppress. *People v. Ross*, 2018 IL App (2d) 161079, ¶ 152 (citing *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006)).  The trial court's findings of fact and credibility determinations are accorded great deference and will be reversed only if they are against the manifest weight of the evidence. *Ross*, 2018 IL App (2d) 161079, ¶ 152 (citing *People v. Slater*, 228 Ill. 2d 137, 149 (2008)).  The trial court is in a superior position to determine and weigh the witnesses' credibility, observe their demeanor, and resolve any conflicts in their testimony. *Ross*, 2018 IL App (2d) 161079, ¶ 152.  A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding is unreasonable, arbitrary, or not based on the evidence. *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).  We review *de novo* a trial court's ultimate legal ruling on a motion to suppress. *Ross*, 2018 IL App (2d) 161079, ¶ 152.

¶ 18    In this case, the trial court expressly found that Sergeant Hain was credible.  That finding was not against the manifest weight of the evidence.

¶ 19    Sergeant Hain testified that, when he initially spoke to defendant through the open passenger window, he smelled burnt cannabis coming from inside the vehicle.  Later, when he searched the vehicle, he found in the glove compartment, which only two feet from the passenger window, a pipe with burnt cannabis residue.  The close proximity of the pipe to the open window corroborated Sergeant Hain's testimony that he smelled burnt cannabis as he stood next to the window.

¶ 20    Sergeant Hain's testimony was further bolstered by Deputy Hoffman, who testified that he also smelled burnt cannabis inside the vehicle.  Although he did not include that fact in his written report, his primary purpose during the stop was to conduct the dog sniff.  Thus, the court was

permitted to find that it was not significant that Deputy Hoffman did not mention in his report having smelled cannabis.

¶ 21    Nor did Sergeant Hain's failure to tell defendant that he had smelled burnt cannabis in her car detract from his credibility.  As the trial court noted at the hearing on the motion to reconsider, there were legitimate investigative reasons for Sergeant Hain not to do so.  Indeed, Sergeant Hain testified that, because the stop was part of his drug-interdiction duties, he wanted to ascertain who, if anyone, defendant might have been involved with in buying, selling, or delivering drugs.  To that end, he clearly established a relaxed rapport with defendant.  To maintain that rapport, he opted not to tell defendant that he already had smelled the cannabis and hence already had a justification to search her car.  Such an approach was consistent with Sergeant Hain's purpose of gathering information, as letting defendant know upfront that he had incriminating evidence and a basis to search her car might have caused her to become defensive and stop talking.  Further, as Sergeant Hain explained, he was seeking to obtain additional justifications to search, such as consent.  That also was a reasonable explanation for not telling defendant initially about the smell of cannabis.  Thus, the trial court's credibility finding was not against the manifest weight of the evidence.

¶ 22    Finally, we note that defendant's reliance on *People v. Litwin*, 2015 IL App (3d) 140429, is misplaced.  In *Litwin*, the appellate court decided whether the trial court's finding, that the arresting officer was credible when he testified that he smelled cannabis as soon as he began talking to the defendant, was against the manifest weight of the evidence.  *Litwin*, 2015 IL App (3d) 140429, ¶¶ 38-39.  In holding that it was, the court observed that if the officer smelled cannabis, which gave him probable cause to search the defendant's vehicle, it "belie[d] common sense" to ask the defendant for consent to search.  *Litwin*, 2015 IL App (3d) 140429, ¶ 40.  However, there

were other significant factors that the court relied upon, including inconsistencies between the officer's testimony at the first and second suppression hearings and between his testimony and his police report. *Litwin*, 2015 IL App (3d) 140429, ¶ 41. The court further emphasized that a second officer never smelled cannabis in the vehicle and that his drug dog did not alert. *Litwin*, 2015 IL App (3d) 140429, ¶ 42. Also questionable to the court was the testimony that the two highly trained police dogs on the scene were misbehaving. *Litwin*, 2015 IL App (3d) 140429, ¶ 42. Finally, the court was especially troubled by the expert testimony that the police video had been maliciously altered. *Litwin*, 2015 IL App (3d) 140429, ¶ 43. Thus, the court concluded that, under the totality of the circumstances, the trial court's credibility finding was against the manifest weight of the evidence. *Litwin*, 2015 IL App (3d) 140429, ¶ 44.

¶ 23 Here, unlike in *Litwin*, there is not an aggregate of egregious facts that show that Sergeant Hain was not truthful about smelling the burnt cannabis. Indeed, the only meaningful similarity between this case and *Litwin* is that, although Sergeant Hain had smelled cannabis, he nonetheless asked for consent to search. However, as discussed, that fact alone did not require the court to question his credibility. Further, to the extent that the *Litwin* court characterized such an approach as belying common sense, we respectfully disagree. As noted, Sergeant Hain's approach was entirely consistent with his drug-interdiction purpose. Under the facts of this case, *Litwin* does not support defendant's position.

¶ 24 Because Sergeant Hain, who was quite familiar with the smell, smelled burnt cannabis coming from inside defendant's vehicle, he had probable cause to search, including defendant's purse located in the vehicle. See *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999). Thus, the trial court properly denied the motion to suppress.

¶ 25                                            III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 27    Affirmed.